Supreme Court, New York Special Term. Reported. N. Y. L. J., Oct. 8, 1904.

PEOPLE ex rel. HENRY McKONE, *v.* WILLIAM FLYNN, Warden, &c.

*Paskusz & Cohen,* for relator.

*William Travers Jerome,* for respondent.

CLARKE, J.: The warrant sets forth: " Whereas complaint in writing has been made before the undersigned, one of the city magistrates, for the city of New York, by George Senn, State Excise Agent, of No. 1006 Willoughby Avenue, Brooklyn, N. Y., that on the 2d day of April, 1904, at the city of New York in the county of New York, at premises No. 1,009 Third avenue, Henry McKone did violate the provisions of section 23, subdivision 1, clause 'd' of the Liquor Tax Law of the State of New York, wherefore the said complainant has prayed that the said defendant may be apprehended and bound to answer the said complaint," the sheriff, &c., is commanded to apprehend the said defendant and bring him forthwith before the magistrate to answer the said charges. The affidavit of Senn set forth that on the 2d day of April, 1904, at 1,009 Third avenue, in the saloon on the ground floor thereof, Henry McKone did then and there traffic in liquors by selling whiskey and gin, to be, and which were then and there drunk on the premises aforesaid, within three years from the date of his conviction on December 23, 1903, for violation of the Liquor Tax Law of the State of New York on July 19, 1903. The affidavit set up in detail the circumstances of the sale and of his previous conviction, and charged him with a misdemeanor for violation of clause " d " of subdivision 1 of section 23 of the Liquor Tax Law. Attached was a certified copy of the record of such conviction on December 23, 1903. The answer of relator denies that the commitment is a valid commitment, and alleges that it is invalid, null and void, for the reason that the magistrate who issued the same had no jurisdiction, and that the complaint and evidence before said magistrate did not warrant or justify in law said commitment. It alleges as a fact that on the date of the alleged offense relator was a bartender employed in the said saloon; that he never was the owner or holder of any liquor tax certificate, but that on the day of the alleged offense his employer was lawfully

conducting a liquor business at said place under a liquor tax certificate which had not expired, and that he was lawfully authorized and entitled to act as a bartender and to serve to the complainants the liquor mentioned in the complaint; that he did not traffic in liquors within the meaning of the Liquor Tax Law, and that by his serving the liquors as alleged, he did not violate any provisions of said law, and particularly no provision of clause "d" of subdivision 1 of section 23 thereof. He further alleged that the warrant of commitment was void for the reason that it is founded upon a complaint which does not state facts sufficient to constitute a crime. On the return and answer testimony was taken before me which established the fact of the prior conviction within three years of the alleged sale, established the sale and established the fact that neither at the time of the former conviction, nor at the time of the sale complained of, nor at any time had relator been the owner or holder of a liquor tax certificate.

The issue is thus squarely raised. Upon these conceded facts has any criminal offense been committed? As matter of law can the relator be held for trial for a misdemeanor?

This is not upon final judgment. It is a preliminary holding by a magistrate. Upon such holding the proceedings may be looked into to see whether any crime is alleged, and whether there is any evidence to hold the prisoner for such crime. In other words, whether the magistrate had jurisdiction of the offense and of the person. The opinion of the Appellate Division of the second department, written by Mr. Justice Jenks in *People ex rel. Bungart* v. *Wells* (57 App. Div. 140), examining the question with a wealth of learning, is conclusive authority that upon a writ of habeas corpus to review a commitment of a magistrate upon a preliminary hearing previous to indictment, the court will look into the depositions before the magistrate, and if the testimony shows no crime the court will discharge. The court says: " The function of the court is not to review the preliminary examination in order to decide the question anew, or to supplant the examination of the magistrate by its own examination, but to ascertain whether the magistrate had jurisdiction to commit the prisoner." The Liquor Tax Law provides as follows:

"Section 23. Corporations, associations, co-partnerships or persons who or which shall not traffic in liquors.

"1. No person    *    *    *d. who shall be convicted for a violation of this act until three years from the date of such conviction."

Does a bartender "traffic in liquor"?

Section 2 of the act, under the heading "Definition", provides: "Trafficking in liquors" within the meaning of this act, is:

"1. A sale of less than five wine gallons of liquor; or, 2. A sale of five wine gallons or more of liquor, in which less than five gallons of any one kind and quality is included; or, 3. A sale of five wine gallons or more of liquor, any portion of which is intended or permitted to be drunk on the premises where sold; or, 4. A sale of five wine gallons or more of liquor when the liquor so sold is delivered or agreed to be delivered in a less quantity than five wine gallons at one time; or, 5. The distribution of liquor by, between or on behalf of members of a corporation, association or co-partnership to a member thereof or to others, in quantities less than five wine gallons."

The relator claims that this definition of the statute applies only to certificate holders when applied to section 23. That this section is directed against those persons who shall not be allowed to hold a liquor tax certificate authorizing them to traffic in liquors and does not apply to an agent and employee who serves liquors across a bar as servant of the owner of the liquor tax certificate. He admits that no person shall traffic in liquors—that is, as owner or proprietor or certificate holder—"who shall be convicted for a violation of this act, until three years from the date of such conviction," or, "whose agent or employee shall be twice convicted for a violation of this act, until three years from the date of such second conviction." He argues that a mere bartender may indefinitely violate the act and may be convicted for illegal sales over and over again and yet may continue in the business without cessation because "traffic in liquors" does not mean a sale of liquors, but the business of conducting a place where liquors are sold.

This contention finds support in the provisions of section 30: *"Persons to whom liquor shall not be sold or given away.* No corporation, association, co-partnership or person whether taxed under this act or not, shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any liquors to," &c. This section, undoubtedly, covers the agent who makes the prohibited sale, and the language is "sell, deliver or give away."

"Section 31. 1t shall not be lawful for any person, whether having paid such tax or not, to sell, offer or expose for sale or give away, any liquor: (a) On Sunday," &c. and then follow many restrictions.

Again the language is "sell, offer or expose for sale or give away," and applies in terms to the certificate holder and to the person not having paid such tax, to wit: the bartender.

Section 33 provides: *"Persons liable for violation of this act.* Any person engaged in the traffic in liquors, whether as officer of a corporation or association, or as a member of a co-partnership, or an individual shall, upon conviction of a violation of any of the provisions of this act, be liable for and suffer the penalties imposed therein; and any clerk, agent, employee or servant shall be equally liable as principal for any violation of the provisions of this act."

Section 34 provides: "1. Any person trafficking in liquors who is prohibited from so doing, or who so traffics without having lawfully obtained a liquor tax certificate," &c., shall be guilty of a misdemeanor, &c.

"2. Any corporation, association, co-partnership or person who shall  *  *  *  violate any of the provisions of sections 11, 21, 22, 23, 24, 30 or 31, shall be guilty of a misdemeanor, &c.,  *  *  * but this clause does not apply to violations of section 31 of this act by a person not holding a liquor tax certificate, the punishment for which is provided for in the first clause of this section."

"3. If there shall be two convictions of clerks, agents, employees or servants of a holder of a liquor tax certificate for a violation of any provision of this act, the liquor tax certificate of the principal shall be forfeited," &c.

Section 37 provides: "All officers authorized to make arrests  *  *  *  may in the performance of their duties, enter upon any premises where the traffic in liquors is carried on or liquors are exposed for sale," &c.

Section 39 provides: "A recovery may be had in a civil action of the damages suffered by reason of the intoxication of any person, from any corporation, association, co-partnership, or person, who shall by selling or giving away liquors have caused such intoxication," &c.

Section 42 provides: "Any corporation, association, co-partnership or person who shall traffic in liquor contrary to the provisions of the Liquor Tax Law, or who shall make a false statement upon

application for a liquor tax certificate * * * in addition to the punishment and penalties in this act otherwise imposed and provided, shall be liable to a penalty of fifty dollars for each and every violation, to be recovered by the State Commissioner of Excise," &c.

Reading all of these provisions together, it seems to me that it was the legislative intent to use the words "trafficking in liquors" as applicable to the owner or proprietor, the certificate holder, or the person who ought to have the certificate, and that the statute makes a clear distinction between such person and the employee. As penal statutes are to be strictly construed, I hold that the phrase in section 23 of the act "corporations, associations, co-partnerships or persons who or which shall not traffic in liquors: 1. No person * * *d. who shall be convicted for a violation of this act until three years from the date of such conviction," applies to the person conducting the business of trafficking in liquors, the owner, proprietor, certificate holder or person who ought to have obtained the certificate, and not to the employee, agent, servant, or barkeeper. The act has been in force since March 12, 1896—upwards of eight years. Nevertheless, the court was informed upon the argument that this was the first case in which the construction contended for in this prosecution has been put upon the statute. I deem it proper to state that the district attorney declined to put in a brief, upon the ground that that office did not agree with the contention of the excise commissioner. If my conclusion be correct, no offense is alleged in these papers, and the writ should be sustained and relator discharged. So ordered.